IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION


| | | |
|---|---|---|
| TONY LYNN HAILEY, #911414 | § | |
| VS. | § | CIVIL ACTION NO. 4:08cv270 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Petitioner filed a "motion for leave to alter or amend the judgment" in his case following the final judgment by this Court. On September 29, 2011, this Court denied Petitioner's petition and dismissed his case because he filed it more than five years beyond the AEDPA's one-year statute of limitations. His objections and arguments for equitable tolling were addressed in the Order of Dismissal and rejected as insufficient to meet the "rare and exceptional circumstances" standard enunciated in *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

The filing of the instant motion, based on Rule 60(b), could be construed as an attempt to circumvent the federal prohibition against filing successive habeas petitions by using another means for the same purpose. Prisoners cannot evade the procedural rules governing Section 2254 petitions by the simple expedient of claiming that their petitions are brought under other motions or sections instead. Petitioner may not file a Rule 60(b) motion to bypass the successive petition prohibition. *See Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999) (Rule 60(b) motions are construed as successive habeas petitions subject to AEDPA). Construing Petitioner's motion as a successive petition, this Court notes that Petitioner may not file a successive petition in this Court without the permission of the Fifth Circuit. 28 U.S.C. § 2244(3)(A). A district court cannot rule on the merits of a successive petition that has been filed without such approval. *Crone v. Cockrell*, 324 F.3d 833, 838 (5th Cir. 2003). Petitioner has not shown that he has received permission from the Fifth Circuit to file

the present petition.  If he obtains permission from the Fifth Circuit, he may file a successive petition.

This Court lacks jurisdiction to consider such action without permission from the Fifth Circuit.  It is

**ORDERED** that the motion for leave to alter or amend the judgment (docket entry #23) is

**DENIED**.


**SIGNED this the 29th day of March, 2012.**


_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE